







# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **BEVERLY CAMPBELL** | )    **Docket No.: 2015-05-0342** |
|       **Employee,** | ) |
| **v.** | )    **State File Number: 40949-2015** |
| **CENTURY MOLD CO., INC.** | ) |
|       **Employer,** | )    **Judge Dale Tipps** |
| **And** | ) |
| **TRAVELERS INDEMNITY CO.** | ) |
|       **Insurance Carrier.** | ) |
| | ) |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABLITY BENEFITS

---

This matter came before the undersigned workers' compensation judge on December 9, 2015, on the Request for Expedited Hearing filed by the employee, Beverly Campbell, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The present focus of this case is the compensability of Ms. Campbell's injury and her entitlement to medical and temporary disability benefits. The central legal issue is whether Ms. Campbell is likely to establish she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court finds Ms. Campbell is not entitled to the requested medical and temporary disability benefits at this time.

### History of Claim

Ms. Campbell is a fifty-four-year-old resident of Bedford County, Tennessee. She testified she has worked for Century for eighteen years and her job requires a great deal of reaching and lifting. Several months before May 2015, she began to have problems with her back and right shoulder. She complained to her supervisors and demonstrated the motions that were causing her difficulties. Century did not initially file an injury report, and Ms. Campbell's condition continued to worsen.

Ms. Campbell began seeing her personal physician, Dr. Joseph Rupard, who prescribed muscle relaxants and anti-inflammatory medications. She continued to work

1

her regular job. Dr. Rupard treated her for her back problem, as well as symptoms in her wrists and hands. He assigned light-duty restrictions on May 7, 2015. (Ex. 4.)

When Ms. Campbell provided Century with Dr. Rupard's restrictions, Century completed a First Report of Injury and gave her a panel of physicians. (Ex. 6.) Ms. Campbell selected Dr. Lynette Adams. *Id.* Ms. Campbell testified that Dr. Adams referred her to an orthopedic specialist. Century provided an orthopedic panel and Ms. Campbell selected Dr. James Johnson. (Ex. 6.)

Dr. Johnson saw Ms. Campbell on August 18, 2015, for complaints of back pain, cervical pain, and bilateral wrist tingling and pain. She reported she had pain for three months. After examining Ms. Campbell and reviewing her history, Dr. Johnson diagnosed carpal tunnel syndrome, cervical and lumbar spondylosis, and rotator cuff impingement syndrome. He prescribed Mobic and Skelaxin. (Ex. 3.)

Dr. Johnson's office note contains the following:

I do believe Beverly has degenerative changes in her back, but I would say that more likely than not to a degree of medical certainty, greater than 50% of the patient's pain is due to pre-existing arthritic conditions and not work related. In doing chart review, it appears that she has complained of each of these pains in the past except for carpal tunnel syndrome. The claim that she has only had pain for three months is a false claim, based on her previous records from her previous doctors. I would describe this as a pre-existing degenerative condition of the cervical spine, lumbar spine and the shoulders. Each of these conditions should respond well to conservative treatment and should not require injections or surgical intervention in the short term and likely not in the long term. It appears to be a slowly progressive, degenerative condition over time.

In terms of her carpal tunnel syndrome, it is possible that it can be caused by her work because [the] condition has improved without working. I would disagree with Dr. Greenberg that this would require surgery, because it is improved with rest. I think it would improve with wrist splinting and appropriate work restrictions. I would defer to a hand surgeon for a definitive declaration of the carpal tunnel syndrome as work related, though it is unlikely that more than 50% of the carpal tunnel syndrome is related to her work, especially given the past medical history of diabetes.

Determination of maximum medical improvement and impairment rating are thus not indicated as it is more likely than not that these conditions are not work related.

*Id.*

Century's workers' compensation carrier sent a letter to Dr. Johnson on August 17, 2015, asking "whether Ms. Campbell's diagnosis and the need for treatment arises primarily out of and in the course and scope of employment [with] Century Mold Company, Inc." Dr. Johnson circled the "no" response and indicated that seventy-five percent of Ms. Campbell's condition was the result of pre-existing conditions unrelated to her employment. *Id.*

After Ms. Campbell saw Dr. Johnson, Century denied the claim as non-compensable. (Ex. 6.)

Ms. Campbell filed a Petition for Benefit Determination seeking medical treatment and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Ms. Campbell filed a Request for Expedited Hearing, and this Court heard the matter on December 9, 2015. At the Expedited Hearing, Ms. Campbell asserted she is entitled to reimbursement for her medical expenses, continuing medical treatment, and temporary disability benefits.[1] Century countered that Ms. Campbell is not entitled to any workers' compensation benefits because she failed to present sufficient evidence that her work was the primary cause of her injuries.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code

---

[1] Ms. Campbell was concerned that her claim was denied for lack of notice, and she testified emphatically that she had repeatedly complained about her symptoms to her superiors. The Court notes that Century did not raise notice as a defense on the DCN or in the hearing.

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). Injury is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

Ms. Campbell selected Dr. Johnson from a panel of physicians provided by Century. Therefore, Tennessee Code Annotated section 50-6-102(13)(E) (2014) establishes a rebuttable presumption of correctness for his causation opinion. That opinion is "it is more likely than not that these conditions are not work related." Dr. Johnson confirmed that opinion in his response to the August 17, 2015 letter, where he indicated Ms. Campbell's diagnosis and the need for treatment did not arise primarily out of and in the course and scope of her employment with Century.

Ms. Campbell submitted a letter signed by Kristin McBay, Dr. Adams' nurse practitioner, that stated: "Ms. Campbell has been seen in this office on two different occasions 6/3/15 and 9/9/15 both regarding lower back pain, neck pain, and right extremity pain due to work related injury." (Ex. 11.) Century objected to the admission of the letter into evidence on the grounds that it was hearsay, it was not previously disclosed, and a nurse practitioner was not competent to give a medical opinion of causation. The Court finds that, to the extent Ms. McBay's letter may contain a causation opinion, it is inadmissible, as she is not a physician qualified to give such an opinion. Even if the Court were to find Ms. McBay's opinion constituted competent medical evidence of causation, it would be insufficient to overcome the presumption of correctness of Dr. Johnson's opinion because it merely states Ms. Campbell's injuries are "work related." This does not constitute an opinion that Ms. Campbell' work was the primary cause of her injuries.

Ms. Campbell offered no other medical proof addressing causation. Therefore, as a matter of law, she has not come forward with sufficient evidence from which this Court may conclude she is likely to prevail at a hearing on the merits. Her request for medical and temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Campbell's claim against Century Mold Company, Inc., and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on February 17, 2016, at 9:00 a.m.

ENTERED this the 14th day of December, 2015.

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.  Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.  The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5.  The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6.  If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Beverly Campbell
2. Records from Elite Sports Medicine
3. Certified records from Elite Sports Medicine
4. Return to work notes (Identification Only)
5. Nerve conduction study
6. Bureau forms
7. Letter from Renee Appenauer (Identification Only)
8. Written statement of Lynnette Shellhouse
9. Accident investigation report
10. Letter from Excellus (Identification Only)
11. Letter from Kristin McBay (Identification Only)

Technical record:[3]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the _14th_ day of December, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Beverly Campbell | X | | | 208 Fairway Green Dr. Shelbyville, TN 37160 |
| Emil Storey, Jr., Esq. | | | X | cstoreyj@travelers.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**